THE STATE, EX REL. CITY OF CANTON, *v.* SPONSELLER ET AL., STARK COUNTY COMMRS., ET AL.

[Cite as State, ex rel. Canton, v. Sponseller (1977), 49 Ohio St. 2d 282.]

(No. 76-1241—Decided March 30, 1977.)

*Mr. Harry E. Klide,* city solicitor, and *Mr. William J. Hamann,* for relator.

*Mr. James R. Unger,* prosecuting attorney, and *Mr. David L. Herbert,* for respondents.

*Per Curiam.* Relator, city of Canton, seeks a writ of mandamus from this court to require respondents, officials of Stark County, to pay two-fifths of the salary of the referee of the Canton Municipal Court. Relator states this mandatory duty is imposed upon respondents by R. C. 1901.11 and 1925.01.

The referee hears default proceedings under Civ. R.

55, certain forcible entry and detainer actions under R .C. Chapter 1923, small claims proceedings under certain circumstances, and other matters designated by the court.

Respondents contend that R. C. 1925.01(B) only requires them to pay two-fifths of the salary when the referee is actually engaged in small claims division work.

R. C. 1925.01 provides that each municipal and county court shall establish a small claims division, which may be conducted by a referee who shall receive such annual compensation as the court prescribes "* * * from the same sources and in the same manner as provided in" R. C. 1901.11. That latter section establishes that three-fifths of the compensation of municipal judges shall be paid from the city treasury and two-fifths from the treasury of the county in which the city is located. Extension of the referee's duties by the Canton Municipal Court does not alter the legislative mandate that the city and county share the compensation expense of the referee as provided in R. C. 1901.11.

The writ prayed for is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.